# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**CHRISTIAN MARCOS RAMOS,**
Plaintiff,

v. Civil Action No.: _____

**VASIL CIUPERGER,
JUSTIN SHUMAN,
SERGEANT O'CONNOR,**
in their individual capacities,

Defendants.



FILED BY ___PCS___ D.C.

FEB 17 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## COMPLAINT FOR DAMAGES

(42 U.S.C. § 1983 – Fourth Amendment Violations
and Supplemental State-Law Claims)

## I. INTRODUCTION

1. This is a civil-rights action under 42 U.S.C. § 1983 arising from two unconstitutional arrests and a warrantless home intrusion conducted by deputies of the Palm Beach County Sheriff's Office ("PBSO").

2. On December 18, 2024, Defendants orchestrated and directed a civilian to unlawfully enter Plaintiff's home to facilitate law enforcement access, thereby manufacturing the very confrontation later used to justify Plaintiff's arrest.

3. On December 21, 2024, Defendant Shuman, with supervisory approval from Defendant O'Connor, initiated a second arrest

without probable cause based on a non-threatening text message that did not constitute a crime.

4. In both instances, criminal proceedings terminated in Plaintiff's favor.

5. Defendants' conduct violated clearly established Fourth Amendment law prohibiting warrantless home entry, arrests without probable cause, police-created exigency, and the deliberate disregard of readily available exculpatory evidence.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

7. Supplemental jurisdiction exists under 28 U.S.C. § 1367(a) over related state-law claims.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events occurred in Palm Beach County, Florida.

## III. PARTIES

9. Plaintiff CHRISTIAN MARCOS RAMOS is a resident of Palm Beach County, Florida.

10. Defendant VASIL CIUPERGER was, at all relevant times, a PBSO deputy acting under color of state law. He is sued in his individual capacity.

11. Defendant JUSTIN SHUMAN was, at all relevant times, a PBSO deputy acting under color of state law. He is sued in his individual capacity.

12. Defendant SERGEANT O'CONNOR was, at all relevant times, a supervisory sergeant with PBSO, responsible for

oversight and intervention. He is sued in his individual capacity.

## IV. FACTUAL ALLEGATIONS

### A. December 18, 2024 – Police-Directed Unlawful Entry and Arrest

13.  On December 18, 2024, Defendants responded to Plaintiff's residence for a "domestic standby."

14.  No warrant existed.

15.  No injunction or no-contact order was in effect.

16.  Plaintiff was the lawful occupant of the residence.

17.  The civilian complainant did not possess keys, legal authority, or residency rights.

18.  Defendant Ciuperger affirmatively instructed and directed the civilian complainant to enter Plaintiff's residence through the rear of the property and unlock the front door.

19.  The civilian complied solely because of law enforcement direction.

20.  The civilian was acting as an instrument and agent of law enforcement, and her entry is attributable to Defendants under color of state law.

21.  The entry would not have occurred but for officer direction.

22.  No exigent circumstances existed.

23.  Defendant Shuman observed the unlawful entry, knew or should have known it violated the Fourth Amendment, and had a realistic opportunity to intervene but failed to do so.

24. Defendant O'Connor observed, approved, or knowingly permitted the unlawful entry and ratified the conduct.

25. Immediately upon contact, Plaintiff informed Defendants that video evidence existed demonstrating he was not the aggressor.

26. The video was readily accessible and capable of review within minutes.

27. Defendants deliberately refused to review or preserve the exculpatory video evidence.

28. Plaintiff was arrested, handcuffed, transported to jail, booked, and charged with domestic battery.

29. Plaintiff was seized pursuant to legal process, including booking and initiation of criminal proceedings.

30. The State Attorney's Office dismissed the charge after reviewing the video and determining Plaintiff was not the primary aggressor.

## B. December 21, 2024 – Second Arrest Without Probable Cause

31. On December 21, 2024, Defendant Shuman arrested Plaintiff for allegedly violating a no-contact order.

32. The arrest was based solely on a screenshot of a non-threatening text message from a prior thread.

33. The alleged victim did not initiate a complaint, report fear, or request enforcement.

34. The message did not constitute criminal conduct under Florida law.

35. Defendant O'Connor approved, authorized, or ratified the arrest despite knowing the alleged conduct did not meet statutory elements.

36. Plaintiff was again seized pursuant to legal process.

37. The State later entered a nolle prosequi.

## V. CLEARLY ESTABLISHED LAW

38. At all relevant times, it was clearly established in the Eleventh Circuit that:

a. Warrantless entry into a home without consent or exigent circumstances violates the Fourth Amendment;
b. Officers may not manufacture exigency to justify entry;
c. A private individual becomes a state actor when acting at officer direction;
d. Arrest without probable cause violates the Fourth Amendment;
e. Officers may not ignore readily available exculpatory evidence;
f. Officers have a duty to intervene to prevent constitutional violations;
g. Supervisors may not ratify unconstitutional conduct.

39. No reasonable officer could have believed Defendants' conduct was lawful.

## VI. FEDERAL CAUSES OF ACTION

### COUNT I

### UNLAWFUL ENTRY / WARRANTLESS HOME INTRUSION

(Fourth Amendment – §1983)
Against All Defendants

40. Plaintiff realleges paragraphs 1–39.

41. Defendants caused and participated in a warrantless entry into Plaintiff's home.

42. No consent or exigent circumstance existed.

43. The civilian acted as an agent of law enforcement.

44. Plaintiff suffered constitutional injury as a direct result.

## COUNT II

## FALSE ARREST

(Fourth Amendment – §1983)
Against Ciuperger and Shuman

45. Plaintiff realleges paragraphs 1–39.

46. Defendants arrested Plaintiff without probable cause.

47. The arrest was objectively unreasonable.

48. Plaintiff suffered loss of liberty and damages.

## COUNT III

## MALICIOUS PROSECUTION

(Fourth Amendment – §1983)
Against All Defendants

49. Plaintiff realleges paragraphs 1–39.

50. Defendants caused criminal proceedings to be initiated and continued without probable cause.

51. Plaintiff was seized pursuant to legal process.

52. The proceedings terminated in Plaintiff's favor.

## COUNT IV

## FAILURE TO INTERVENE

(§1983)

Against Shuman and O'Connor

53. Plaintiff realleges paragraphs 1–39.

54. Defendants knew constitutional violations were occurring.

55. They had a realistic opportunity to intervene.

56. They failed to do so.

## COUNT V

## SUPERVISORY LIABILITY

(§1983)

Against O'Connor

57. Plaintiff realleges paragraphs 1–39.

58. O'Connor approved, ratified, and failed to prevent unconstitutional conduct.

## VII. STATE-LAW CLAIMS

(28 U.S.C. § 1367)

### COUNT VI – FALSE ARREST / FALSE IMPRISONMENT

### COUNT VII – MALICIOUS PROSECUTION

### COUNT VIII – ABUSE OF PROCESS

## COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff realleges prior allegations.

60. Defendants acted with malice, bad faith, and willful disregard of Plaintiff's rights.

## VIII. DAMAGES

61. Plaintiff suffered:

- Loss of liberty
- Jail confinement
- Bond expenses
- Legal fees
- Reputational harm
- Emotional distress
- Professional and financial disruption

62. Plaintiff seeks:

a. Compensatory damages;
b. Punitive damages against individual Defendants;
c. Attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest;
e. All other appropriate relief.

## IX. JURY DEMAND

63. Plaintiff demands trial by jury on all triable issues.

Respectfully submitted February 16, 2026,

*CHRISTIAN MARCOS RAMOS*

s/ Christian Marcos Ramos
CHRISTIAN MARCOS RAMOS
1080 Breakers West Way
West Palm Beach, FL 33411
Tel: (561) 602-6250
Email: cmrusc@gmail.com
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this February 16, 2026, a true and correct copy of the foregoing Complaint for Damages was served by U.S. Mail and/or by any other authorized means of service pursuant to Rule 4 of the Federal Rules of Civil Procedure upon the following:

Vasil Ciuperger
Deputy Sheriff
Palm Beach County Sheriff's Office
3228 Gun Club Road
West Palm Beach, FL 33406

Justin Shuman
Deputy Sheriff
Palm Beach County Sheriff's Office
3228 Gun Club Road
West Palm Beach, FL 33406

Sergeant O'Connor
Palm Beach County Sheriff's Office
3228 Gun Club Road
West Palm Beach, FL 33406

Service upon the above Defendants is being affected in their individual capacities and in accordance with the Federal Rules of Civil Procedure.

I further certify that this Certificate of Service is executed in good faith.

Dated: February 16, 2026.

*CHRISTIAN MARCOS RAMOS*

s/ Christian Marcos Ramos
CHRISTIAN MARCOS RAMOS
1080 Breakers West Way
West Palm Beach, FL 33411
Tel: (561) 602-6250
Email: cmrusc@gmail.com
Pro Se Plaintiff